IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff/Respondent,

Vs.                                  Civil Case No. 05-3280-SAC
                                     Criminal Case No. 99-40076-01-SAC

JAMES E. CLARK,

        Defendant/Movant.

MEMORANDUM AND ORDER

The case comes before the court on the defendant James E. Clark's "Motion for Review under Rule 60(b)." (Dk. 101). In June of 2005, Clark filed a motion to modify sentence pursuant to 18 U.S.C. § 3582(b)(2) and (3). (Dk. 90). In August of 2005, the court issued its order that denied any relief under 18 U.S.C. § 3582(b)(2) or (3) and then recharacterized the Clark's motion as filed under 28 U.S.C. § 2255 and denied the same on the merits. (Dk. 94). Clark now moves the court to rescind this earlier order and judgment as he was not provided sufficient notice of the district court's intent to recharacterize as required by *Castro v. United States*, 540 U.S. 375, 277 (2003).

Rule 60(b) of the Federal Rules of Civil Procedure authorizes a court to relieve a party from a final judgment on the grounds listed therein. Rule 12 of the

Rules Governing Section 2255 Proceedings make the Federal Rules of Civil Procedure applicable "to the extent that they are not inconsistent with any statutory provisions . . . ." Clark's pending motion is appropriately analyzed under Rule 60(b) as it does not address any substantive federal grounds for setting aside his conviction or vacating his sentence.

The defendant Clark's original motion to modify sentence (Dk. 90) challenged the judgment revoking his supervised release and resulting in a sentence of thirty-three months custody entered on June 23, 2004. (Dk. 85). Clark did not appeal from this judgment but waited almost one year later, on June 20, 2005, to file his motion to modify. (Dk. 90). The clerk of the court docketed Clark's motion to modify as filed under 28 U.S.C. § 2255. (Dk. 90). The court's file reflects the clerk sent correspondence to the defendant informing that his "motion to vacate sentence was filed on June 20, 2005 and assigned" both civil and criminal action numbers. The government timely filed its response on July 14, 2005, pointing out that the docket sheet shows Clark's motion was being treated as a motion to vacate under 28 U.S.C. § 2255. (Dk. 92). Instead of objecting to the recharacterization or asking to amend his motion in light of it, Clark filed what he entitled, "Petitioner's Reply Pursuant to Rule 5(d) of 28 U.S.C. § 2255." (Dk. 93). The court's order filed August 10, 2005, held:

2

> The defendant asserts his motion for relief is filed pursuant to 18 U.S.C. § 3582(b)(2) or (3). (Dk. 90). Neither of these provisions has any application to this proceeding, as no direct appeal was taken and no Rule 35 motion has been filed. The clerk of the court docketed the defendant's pleading as a § 2255 motion, and the court subsequently filed a minute order setting deadlines for the government's response and the defendant's reply. The defendant later filed a reply and characterized it as filed "pursuant to Rule 5(d) of 28 U.S.C. § 2255." With the defendant's apparent consent, the court shall treat the defendant's filing as seeking relief pursuant to 28 U.S.C. § 2255."

(Dk. 94, pp. 2-3). Now more than five months later, Clark contends the court did not notify him of this recharacterization or provide him an opportunity to contest the recharaterization. The record shows that the defendant knew his motion to modify was being treated as a § 2255 motion to vacate and he expressly referred to § 2255 procedural rules in filing his reply. Even so, the defendant's knowledge and tacit consent do not cure the court's deficient form of notice.

The Supreme Court has held that a district court "cannot . . . recharacterize a *pro se* litigant's motion as the litigant's first § 2255 motion *unless* the court informs the litigant of its intent to recharacterize, warns the litigant that the recharacterization will subject subsequent § 2255 motions to the law's 'second or successive' restrictions, and provides the litigant with an opportunity to withdraw, or to amend, the filing." *Castro v. United States*, 540 U.S. 375, 377 (2003) (emphasis in original). The record in the instant case does establish that the court

3

failed to warn Clark of the consequences of its recharacterization of his motion, that is, to effectively bar him from filing another § 2255 motion asserting additional claims. The remedy recognized in *Castro* under these circumstances is to "not count" the recharacterized motion "as a § 2255 motion for purposes of applying § 2255's 'second or successive' provision." *Id*. Thus, the court will grant the defendant's motion only to the extent of affording him the relief provided in *Castro*.

IT IS THEREFORE ORDERED that Clark's Motion for Review under Rule 60(b) (Dk. 101) is granted to the extent that the court shall not consider the defendant's prior motion to modify to have become a § 2255 motion for purposes of any subsequent application of the "second or successive motion" restrictions in § 2255.

Dated this 8th day of February, 2006, Topeka, Kansas.

s/ Sam A. Crow
Sam A. Crow, U.S. District Senior Judge