IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff/Respondent,

Vs.                                  Civil Case No. 06-3087-SAC
                                      Criminal Case No. 99-40076-01-SAC

JAMES E. CLARK,

        Defendant/Movant.

MEMORANDUM AND ORDER

The case comes before the court on the defendant's motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. (Dk. 105). Convicted of bank fraud, the defendant received a sentence of thirty-months imprisonment on April 21, 2000, in this court. The defendant did not appeal his conviction or sentence. Six months after completing his term of incarceration for the bank fraud conviction in this case and while on supervised release, the defendant was arrested for fleeing and eluding a police officer. After pleading guilty and being sentenced in state court, the defendant had his supervised release revoked in federal court, and he was sentenced to a term of thirty-three months of imprisonment with no supervised release to follow. The defendant filed no notice of appeal.

Less than a year after his sentencing for the violation of his supervision, the defendant filed a motion for relief pursuant to 18 U.S.C. § 3582(b)(2) and (3). (Dk. 90). The court construed this pleading as a motion for relief under 28 U.S.C. § 2255 and denied it. (Dk. 94). The defendant filed a motion for Rule 60(b) relief (Dk. 101), which the court granted insofar as "the defendant's prior motion to modify" would not be treated as a § 2255 motion in applying the "second or successive motion" restrictions in that statute. (Dk. 103).

On March 23, 2006, the defendant filed a motion under 28 U.S.C. § 2255 to vacate, set aside or correct his original sentence imposed for the bank fraud conviction on April 21, 2000. (Dk. 105). Relying on the holding in *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738 (2005), the defendant argues the sentencing court violated his constitutional rights in its mandatory application of the Sentencing Guidelines. The defendant contends the *Booker* holding extends to his § 2255 motion, because his arguments were not available until the Supreme Court decided *Booker*.

As amended by the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2255 includes a one-year limitations period for federal

2

prisoners to file § 2255 motions.[1]  *United States v. Hurst*, 322 F.3d 1256, 1259 (10th Cir. 2003).  As in this case, when a defendant does not pursue a timely appeal to the court of appeals, the conviction and sentence become final and the one-year limitations period begins running upon the expiration of the time for filing the appeal.  *See United States v. Burch*, 202 F.3d 1274, 1278-79 (10th Cir. 2000).  For purposes of this case, the defendant's time for filing a notice of appeal expired May 7, 2000, ten days after entry of judgment.  *See* Fed. R. App. P. 4(b)(1)(A)(i) (stating that "[i]n a criminal case, a defendant's notice of appeal must be filed in the district court within 10 days . . . of . . . the entry of either the judgment or the order being appealed"); (Dk. 45, Judgment entered April 27, 2000).  The one-year limitations period for filing the defendant's § 2255 petition began to run on May 8, 2000, the day after the time for filing his appeal expired. *See United States v. Hurst*, 322 F.3d at 1259-60.  The one-year filing period expired "on the anniversary date

---

[1]The relevant portions of § 2255[¶ 6] state:
   "A 1-year period of limitation shall apply to a motion under this section.  The limitation period shall run from the latest of--
      (1) the date on which the judgment of conviction becomes final;
      . . . .
      (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review: . . . ."

3

of the triggering event," May 8, 2001. *Id*. at 1261. Clark filed his § 2255 motion almost five years after the governing limitations period expired. Clark's petition does not allege nor suggest any circumstances that would warrant the application of equitable tolling in this case. *See Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000) (equitable tolling of statute permitted in only rare and exceptional circumstances).

In his petition, Clark asserts his claims "were not available for litigation until the" Supreme Court's ruling in *Booker*. (Dk. 105, p. 5). Clark's claims hinge on the Sixth Amendment ruling in *Booker*. The court presumes that Clark considers his limitation period to have restarted with the Supreme Court's decision in *Booker*. The wording of § 2255 (¶ 6)(3), however, does not accommodate Clark's position, unless the Supreme Court newly recognized a right in *Booker* and made that right retroactively applicable to cases on collateral review. The Tenth Circuit has held that *Booker* does not apply retroactively to cases on collateral review, and the Supreme Court has not ruled otherwise. *United States v. Bellamy*, 411 F.3d 1182, 1184, 1186-88 (10th Cir. 2005) ("*Booker* does not apply retroactively to criminal cases that became final before its effective date of January 12, 2005."). Because Clark's one-year limitations period for his § 2255 motion expired nearly five years ago, his motion is barred as untimely under the AEDPA.

IT IS THEREFORE ORDERED that defendant's motion pursuant to 28 U.S.C. § 2255 (Dk. 105) is denied as untimely.

Dated this 19th day of June, 2006, Topeka, Kansas.

s/ Sam A. Crow
Sam A. Crow, U.S. District Senior Judge